UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LENARD, | ) | 1:10CV2688 |
| | ) | |
| Petitioner | ) | JUDGE BENITA Y. PEARSON |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| SHERIFF, CUYAHOGA COUNTY, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner Richard Lenard ("Lenard") has filed a petition pro se for a writ of habeas corpus against the named respondent, "Sheriff's Department, Cuyahoga County." The petition challenges Lenard's conviction for a probation violation(s), dated May 19, 2009. (Doc. 1, § 2.) The underlying crimes were "receiving stolen property, tampering with records, telecommunications fraud, forging, uttering, theft, grand theft motor vehicle, and violation probation order." (Doc. 1, § 4.)

In his petition, Lenard raises four grounds for relief, verbatim:

1. The three probation violation convictions obtained came by way of a[n] illegal arrest in case no. 09TRD00260 on January 5, 2009 which is the fruit of the poisonous tree.

2. Probation violation conviction for having a new case, CR-09-520755, is based on a[n] unlawful arrest.

3. Probation violation conviction for failure to report arrest is based on a[n] unlawful arrest.

4. Probation violation conviction for failure to pay court costs is based on a[n] unlawful arrest.

(Doc. 1, § 12.)

The respondent has filed a motion to dismiss, which is currently before the court.  (Doc. 15.)  The respondent has also filed a "Notice of Current Incarceration Status," noting that Lenard is no longer in the custody of the Sheriff, being currently incarcerated at the Noble Correctional Institution.  (Doc. 21.)  Lenard has filed a "Motion in contrast" in response to that notice.  (Doc. 24.)

Petitioner Lenard has filed a number of motions:  a motion for credit for time served (doc. 19); a motion for leave to file a supplemental brief (doc. 23); a motion to stay the habeas proceeding until his state proceedings are fully exhausted (doc. 25), which is opposed by the respondent (doc. 27); and, a motion for an evidentiary hearing (doc. 26).

The respondent's motion to dismiss is based on several arguments:  (1) the petition should be dismissed because Lenard has failed to name the proper respondents (doc. 15, at 10-11); (2) Lenard's claims  are barred because they are procedurally barred (doc. 15, at 11-12); and, (3) the claims lack merit (doc. 15, at 12-13, 15-16).

Lenard seeks to have this habeas proceeding stayed until he has fully exhausted his state claims.  (Doc. 25.)  The Sheriff responds that the petition should be dismissed on that same basis.  (Doc. 27.)

EXHAUSTION

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).

All of Lenard's claims in the habeas petition are based on his allegedly unlawful arrest on Jan. 5, 2009, which ultimately resulted in his May 2009 conviction for probation violations.  Lenard concedes that he is still contesting this conviction in the state courts.  (Doc. 25, at 2; see also doc. 27, at 2.)

The Supreme Court explained that the "stay-and-abeyance" procedure is used in circumstances where:

3

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler v. Ford, 542 U.S. 225, 230 (2004).  A "mixed" petition contains both unexhausted and exhausted claims.  Pliler, 542 U.S. at 227.  Lenard's petition is not a "mixed" petition, which would be eligible for consideration of the "stay-and-abeyance" procedure.  Rather, Lenard's petition consists solely of unexhausted claims.

An additional consideration is that the petition names the Sheriff as the respondent, but not the warden of the state correctional institution.[1]  Lenard is now in custody at the Noble Correctional Institution.  (Doc. 21; see also doc. 24, at 2.)  The warden of that institution now has custody of Lenard, and has not been served.

The motion to dismiss (doc. 15) should be granted, without prejudice, because Lenard's conviction is not yet final, and his petition consists solely of claims which have not yet been exhausted.  In addition, the sole named respondent no longer has custody of the petitioner.  The motion to stay (doc. 25) should be denied.

The other motions (doc. 19, 23, 24, 26) should be denied as moot.

---

[1]  See, e.g., Guy v. Norris, No. 5:09CV00109, 2009 WL 1904296, at *7 n. 4 (E.D. Ark. July 1, 2009) (petition involving future custody must name as respondents both officer who has current custody and attorney general of the state).

## RECOMMENDATION

It is recommended that the motion to dismiss (doc. 15) the petition for a writ of habeas corpus be granted, without prejudice, and that the remaining motions (doc. 19, 23, 24, 26) be denied as moot.


Dated:   Oct. 4, 2011              /s/ Kenneth S. McHargh
                                Kenneth S. McHargh
                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).